UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

Case Name: Carranza-Reyes v. Park County Board of County Commissioners, et al.

Appeal No. (if available): 07-1381

Court/Agency Appeal From: U.S. District Court for the District of Colorado

Court/Agency Docket No.: 05-cv-00377-WDM-BNB    District Judge: Judge Walker D. Miller

Party or Parties filing Notice of Appeal/Petition: Vicki Paulsen

1. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

    1. **APPEAL FROM DISTRICT COURT**

        1. Date notice of appeal filed: September 14, 2007

            1. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: No

            2. Is the United States or an officer or an agency of the United States a party to this appeal? No

        2. Authority fixing time limit for filing notice of appeal:

        Fed. R. App. 4 (a)(1)(A) X       Fed. R. App. 4(a)(6) ____
        Fed. R. App. 4 (a)(1)(B) ____    Fed. R. App. 4(b)(1) ____
        Fed. R. App. 4 (a)(2)    ____    Fed. R. App. 4(b)(3) ____
        Fed. R. App. 4 (a)(3)    ____    Fed. R. App. 4(b)(4) ____
        Fed. R. App. 4 (a)(4)    ____    Fed. R. App. 4(c)    ____
        Fed. R. App. 4 (a)(5)    ____
        Other: _____

        3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:        August 17, 2007

        4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
        No

        **(If the order being appealed is not final, please answer the following questions in this section.)**

            1. If not, did district court direct entry of judgment in accordance with Fed. R.

       Civ. P. 54(b)? When was this done?
       No

2. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?   No

3. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?   The Supreme Court's precedents on qualified immunity doctrine provide for the basis of this appeal. The Court has consistently held that any adverse district court decision raising a legal question concerning a defendant's entitlement to qualified immunity may be appealed on an interlocutory basis pursuant to the collateral order doctrine. *See* ***Johnson v. Fankell***, 520 U.S. 911, 915 (1997); ***Behrens v. Pelletier***, 516 U.S. 299, 306-7 (1996)**;** see also ***Workman v. Jordan***, 32 F.3d 475, 475 (10th Cir. 1994).

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   1. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:   N/A

   2. Has an order been entered by the district court disposing of that motion, and, if so, when?  N/A

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court?_____
Please state the approximate amount of such assets, if known.
_____
_____

2. **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

   1. Date petition for review was filed:   _____

   2. Date of the order to be reviewed:   _____

   3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order:   _____
   _____

    4.    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____
_____

3. **APPEAL OF TAX COURT DECISION**

   1. Date notice of appeal was filed: _____
      (If notice was filed by mail, attach proof of postmark.)

   2. Time limit for filing notice of appeal: _____

   3. Date of entry of decision appealed: _____

   4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)
      _____

2.  **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** <u>Carranza-Reyes v. Park County Board of County Commissioners, et al</u>, Case No. 07-1380

3.  **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

Plaintiff brought this claim against 42 U.S.C. § 1983 and for negligence under Colorado law for injuries he allegedly suffered as an illegal alien detainee in the Park County Detention Center. Specifically, Plaintiff alleges that the jail nurse, Ms. Paulsen, provided him with a substandard medical care in treating him for a variety of symptoms, which later turned out to be a severe bacterial infection, in violation of his Fourteenth and Eighth Amendment rights. After discovery, Nurse Paulsen moved for summary judgment on the § 1983 claim, asserting the defense of qualified immunity. The district court, acknowledging this was a close issue, denied immunity to Paulsen.

4.  **ISSUES RAISED ON APPEAL.**

1.  Whether Ms. Paulsen's treatment and care of the Plaintiff met the deliberate indifference standard for inadequate medical care for a § 1983 claim.

2.  Whether at the time of the incident, the law was clearly established such that Ms. Paulsen would have known her conduct was constitutionally deficient.

3.  Whether Ms. Paulsen's conduct was objectively reasonable to the extent that she should be entitled to qualified immunity.

5. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

   1. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?
      _____

   2. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction?   _____

   3. Describe the sentence imposed.  _____
      _____

   4. Was the sentence imposed after a plea of guilty?  _____

   5. Is defendant on probation or at liberty pending appeal?  _____

   **NOTE**:   In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

6. **INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

Yes. Oral argument on this factually complex case would assist the panel. In addition, the application of qualified immunity under *Saucier v. Katz,* 533 U.S. 194 (2001) for a medical professional is a unique issue that warrants oral argument.

7. **ATTORNEY FILING DOCKETING STATEMENT:**

   Name**:**   Josh A. Marks                    Telephone: (303) 402-1600

   Firm:     Berg Hill Greenleaf & Ruscitti LLP

   Address:  1712 Pearl Street, Boulder, Colorado 80302

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

   A.   X      Appellant

        ☐      Petitioner

        ☐      Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

    X    Retained Attorney

    ☐    Court-Appointed

    ☐    Employed by a government entity (please specify_____)

    ☐    Employed by the Office of the Federal Public Defender.


s/ Josh A. Marks                                             9/26/07
Signature                                                    Date
X     Attorney at Law

**NOTE:** A copy of the court or agency docket sheet, the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review **must be attached to all copies of the Docketing Statement**, except as otherwise provided in Section I of the instructions.

The original and four copies of this Docketing Statement must be filed.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

    I, Josh A. Marks, attorney for appellant, hereby state that on this 26th day of September, 2007, I sent a copy of the foregoing **Docketing Statement,** electronically via e-mail and via U.S. Mail, postage prepaid to:

Joseph Archuleta
Law Offices of Joseph Archuleta
1724 Ogden Street
Denver, CO  80218
archuletalaw@qwest.net
Attorney for Plaintiff/Appellee

Lloyd Kordick
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs, CO  80903
lloyd@kordicklaw.com
Attorney for Plaintiff/Appellee

William Trine
Trine & Metcalf PC
1435 Arapahoe Avenue
Boulder, CO  80302
btrine@trine-metcalf.com
Attorney for Plaintiff/Appellee

Adele P. Kimmell
Public Justice, PC
1825 K Street, N.W.
Suite 200
Washington, D.C. 20006
akimmel@publicjustice.net
Attorney for Plaintiff/Appellee

Andrew Ringel
Hall & Evans LLC
1125 17th Street, Suite 600
Denver, CO  80202
ringela@hallevans.com
Attorney for Defendants Monte Gore and Fred Wegener

s/ Josh A. Marks
Signature

September 26, 2007
Dated signed

Josh A. Marks, Esq.

Berg Hill Greenleaf & Ruscitti LLP

1712 Pearl Street,

Boulder, Colorado 80302
 [Printed name and address of person completing service]