UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| MOISES CARRANZA-REYES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Nos. 07-1380 and 07-1381 |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARK COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, et. al. | ) | |
| | ) | |
| Defendants-Appellants, | ) | |
| | ) | |

_____

**DEFENDANTS-APPELLANTS' RESPONSE TO
PLAINTIFF-APPELLEE'S MOTIONS TO EXPEDITE APPEAL**
_____

Defendants-Appellants Fred Wegener, Monte Gore and Vicki Paulsen, by

and through their respective counsel, Andrew D. Ringel, Esq. and Jennifer L.

Veiga, Esq. of Hall & Evans, L.L.C. and Josh A. Marks, Esq. and Melanie B.

Lewis, Esq. of Berg Hill Greenleaf & Ruscitti, LLP, pursuant to this Court's Order

of October 22, 2007, hereby respectively submit this Response to Plaintiff-

Appellee's Motions to Expedite Appeal, as follows:[1]

_____

[1]   Plaintiff-Appellee filed identical Motions to Expedite Appeal in Case No.
07-1380 (involving Defendants-Appellants Fred Wegener and Monte Gore) and in
Case No. 07-1381 (involving Defendant-Appellant Vicki Paulsen).   Defendants-
Appellants, therefore, file a combined Response to the Plaintiff-Appellee's Motion
in both cases.

1.    Plaintiff-Appellee cites no rule or precedent of any kind in support of his request for this Court to expedite this appeal.  [*See* Plaintiff-Appellee's Motion to Expedite Appeal ("Plaintiff's Motion")].   Presumably, this Court has the authority to alter the briefing schedule and expedite any appeal under appropriate circumstances.  *See, e.g.,* 28 U.S.C. § 1657(a); Fed. R. App. P. 2.  Defendants-Appellants have not located any precedent or local rule from this Court articulating a standard for determining when an expedited appeal is appropriate.  However, it stands to reason that to expedite an appeal requires extraordinary circumstances and must not be routinely granted.  *Compare* **Disability Law Ctr. v. Millcreek Health Ctr.**, 428 F.3d 992, 997 (10th Cir. 2005) (*citing* **Fischbach v. New Mexico Activities Ass'n**, 38 F.3d 1159, 1161 (10th Cir. 1994), for the proposition that a litigant can expedite an appeal when the pace of events threatens to moot the case); 9th Cir. R. 27-12 (indicating that appellants pending release or irreparable harm may constitute "good cause" for an expedited appeal).  To grant the Plaintiff-Appellee's request to expedite appeal, this Court must necessarily conclude the circumstances of this case make it all together different from all of the other appeals before this Court and thereby justify this appeal taking precedence.  Plaintiff-Appellee has simply not demonstrated a legitimate basis for such an extraordinary treatment of this appeal.

2.     The gravaman of the Plaintiff-Appellee's request is an effort to conclude appellate proceedings in this case prior to the scheduled trial date before the District Court of April 14, 2007.  [*See* Plaintiff's Motion, ¶¶ 4 & 6].  Plaintiff-Appellee treats the interlocutory appeals in this case as some sort of nuisance that must be overcome before a trial occurs.   Unfortunately, the Defendants-Appellants' right to seek interlocutory review by this Court of the District Court's denial of their qualified immunity from the Plaintiff-Appellee's 42 U.S.C. § 1983 is well-established.   The United States Supreme Court has repeatedly held individual defendants have such a right and that such a right is based on clear and sound public policy reasons both for immunity from suit and liability.  *See, e.g., Johnson v. Jones,* 515 U.S. 304, 309-11 (1995); *Behrens v. Pellitier,* 516 U.S. 299, 300-5 (1996); *Mitchell v. Forsyth,* 473 U.S. 511, 526 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982).   Because qualified immunity is an immunity from liability, the immunizing effect of the defense is effectively lost if a case is erroneously permitted to proceed to trial.  *See, e.g., Chavez v. City of Albuquerque,* 402 F.3d 1039, 1045 (10th Cir. 2005).   Plaintiff-Appellee cannot so easily set aside the right of the individual Defendants-Appellants to have their entitlement to qualified immunity resolved by this Court with an interlocutory appeal prior to any trial in this matter.  Defendants-Appellants deserve a full

consideration of the qualified immunity issues raised on appeal and not some sort of truncated proceeding that the Plaintiff-Appellee clearly contemplates as a mere precursor to summary affirmance of the District Court and then a trial before the District Court.

3.    Plaintiff-Appellee offers a variety of justifications in an effort for expedited review by this Court.  Examination of those justifications, however, reveals that none of them actually provide any basis for this Court to take the extraordinary step of expediting this appeal.  First, Plaintiff-Appellee suggests he is facing deportation and that a postponement of the trial would likely result in the Plaintiff being deported so that he would not be able to participate in trial.  [*See* Plaintiff's Motion, ¶ 4].   Here, Plaintiff-Appellee engages in rank speculation. Plaintiff-Appellee has been residing illegally in the United States since July 2003. No basis whatsoever exists to suggest Plaintiff-Appellee faces any additional or different danger of deportation than he has faced during the preceding four years of his illegal residency in the United States.   Without presenting any evidence whatsoever, Plaintiff-Appellee suggests he faces some sort of new and imminent danger of deportation.  However, no evidence has been presented that this is the case at all.  Plaintiff-Appellee faces the exact same risk of deportation that he has always faced given his illegal status in the United States and whether a trial is held

in this case on April 14, 2008, or some later date does nothing to change the Plaintiff-Appellee's risk of deportation. Moreover, even if Plaintiff-Appellee was deported to Mexico, his Motion improperly assumes that he would be unable to participate remotely from Mexico via video conference or telephone. In essence, Plaintiff-Appellee seeks preferential treatment because of his illegal status over other litigants who are legally in the United States.

4.    Second, Plaintiff-Appellee asserts he is in desperate need of medical care. [*See* Plaintiff's Motion, ¶ 2]. Plaintiff-Appellee notes that he has not been able to receive the medical care he allegedly needs since his release from the hospital in 2003 and complains that this case has been pending since February 28, 2005. [*See* Plaintiff's Motion, ¶ 2]. Interestingly, despite the Plaintiff-Appellee's apparent need for medical care the case was not even filed until almost two years after the Plaintiff-Appellee's injuries. Moreover, again despite the Plaintiff-Appellee's apparent need for medical care, Plaintiff-Appellee has done nothing whatsoever during the proceedings before the District Court to expedite the proceedings below in any fashion. Additionally, counsel for Plaintiff-Appellee chose to pursue claims against the individual Defendants-Appellants that are subject to an interlocutory appeal to this Court. Such realities strongly suggest Plaintiff-Appellee is not in the desperate need of medical care as is intimated in the

5

Plaintiff-Appellee's Motion.   Further, many individuals who file lawsuits are injured and have economic barriers preventing them from obtaining medical care or other similar needs.  If such economic issues justify expediting appeals than this Court will be faced with numerous such requests turning what has to be an extraordinary circumstance into the norm.

5.    Third, Plaintiff-Appellee suggests an expedited appeal will not unduly disrupt the mediation scheduled with David W. Aemmer, Esq., the Chief Circuit Mediator of the Circuit Mediation Office of the United States Court of Appeals for the Tenth Circuit for November 16, 2007.  [*See* Plaintiff's Motion, ¶ 3].  Plaintiff-Appellee fails to appreciate the need for counsel for Defendants-Appellants and their clients to focus on the upcoming mediation rather than engaging in briefing on this appeal.  Counsel for Defendants-Appellants contacted Mr. Aemmer and suggested an in-person mediation in this case because counsel believes this case is postured for a potential settlement.  However, requiring Defendants-Appellants to continue to engage in litigation distracts from their ability to focus on the prospect of settlement.  For a mediation to be successful, the parties and their counsel have to be able to focus on mediation and the possibilities of settlement with their full attention and energy.  Requiring counsel for Defendants-Appellants to brief this appeal at the same time the mediation process is undertaken dooms the mediation

to failure and undercuts the entire basis of mediation. This Court has specifically granted the Circuit Mediation Office the authority to extend briefing schedules to facilitate mediation. *See* 10th Cir. R. 33.1(F). This Court should not undermine the mediation process by granting Plaintiff-Appellee's request to expedite appeal.

6.     Fourth, Plaintiff-Appellee contends the Defendants-Appellants will not be prejudiced by an expedited appeal because briefing of the issues on appeal has already occurred before the District Court and the appeal will not resolve all remaining claims against the Defendants-Appellants. [*See* Plaintiff's Motion, ¶¶ 6 & 9]. Plaintiff-Appellee's contention the issues have been briefed before the District Court, while true, proves nothing. In researching and drafting their briefs on appeal, counsel for Defendants-Appellants must do much more than simply cut and paste from the briefing before the District Court. Instead, Defendants-Appellants must focus on the District Court's 35 page Order on Motions for Summary Judgment to articulate how the District Court's analysis of the qualified immunity issues is flawed based on applicable law. Suggesting that this is an easy task that can be quickly and expeditiously done is belied by the reality of counsel for the Defendants-Appellants' experience with appellate practice before this Court. Further, Plaintiff-Appellee's suggestion the interlocutory appeal will not resolve all of the claims against Defendants-Appellees, while again true, again

establishes nothing.  As argued above, Plaintiff-Appellee exhibits a fundamental misunderstanding of the nature of an interlocutory appeal of an adverse qualified immunity determination and the important public policy reasons why the United States Supreme Court allows such interlocutory appeals to occur and requires their resolution before any trial.  Simply because an official capacity claim will remain against Fred Wegener and Monte Gore and a state law negligence claim will remain against Vicki Paulsen fails to appreciate the difference between individual capacity lawsuits under 42 U.S.C. § 1983 and other types of claims as well as the all together different legal principles applicable to the remaining claims.  Simply put, an individual capacity 42 U.S.C. § 1983 lawsuit is fundamentally different from an official capacity claim or a state law negligence claim.

7.     In sum, nothing contained in Plaintiff-Appellee's Motion warrants this Court to take the extraordinary step of expediting consideration of this appeal. Plaintiff-Appellee's clear motivation is an effort to proceed to trial on April 14, 2008, at the presently scheduled trial date.  Plaintiff-Appellee offers unconvincing reasons in an effort to save the trial date.  This Court must reject the Plaintiff-Appellee's attempt to leap frog all of the other appeals before this Court to obtain extraordinary consideration of this appeal.  Nothing about this appeal or the

Plaintiff-Appellee's personal circumstances justifies this Court granting the Plaintiff-Appellee's Motion.

WHEREFORE, for all of the foregoing reasons, Defendants-Appellants Fred Wegener, Monte Gore and Vicki Paulsen respectfully request this Court deny the Plaintiff-Appellee's Motions to Expedite Appeal filed in both Case No. 07-1380 and Case No. 07-1381, allow the Opening Briefs in this case to be due on December 7, 2007, pursuant to the extension granted by the Circuit Mediation Office, have further briefing occur pursuant to the time frame established by the Federal Rule of Appellate Procedure, have this appeal considered in due course by this Court as all other appeals before this Court, and for all other and further relief as this Court deems just and appropriate.

Dated this 29th day of October, 2007.

Respectfully submitted,


s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
Tel:  (303) 628-3300
Fax:  (303) 293-3238

**ATTORNEYS FOR DEFENDANTS
BOARD OF COUNTY
COMMISSIONERS OF PARK
COUNTY, FRED WEGENER
AND MONTE GORE**

and

Josh A. Marks, Esq.
Melanie B. Lewis, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
Tel: (303) 402-1600
Fax: (303) 402-1601
jam@bhgrlaw.com
mbl@bhgrlaw.com

**ATTORNEYS FOR DEFENDANT
VICKI PAULSEN**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 29th day of October, 2007, I e-mailed the foregoing document to the Clerk of the Colorado Court of Appeals and also hand delivered the original document in paper format to the Clerk of this Court.

I also sent a copy of this document to the following e-mail addresses:

Joseph J. Archuleta, Esq.
archuletalaw@qwest.net

Lloyd C. Kordick, Esq.
lloyd@kordicklaw.com

William A. Trine, Esq.
btrine@trine-metcalf.com

Adele P. Kimmel, Esq.
akimmel@public justice.net

Josh A. Marks, Esq.
jam@bhgrlaw.com

Melanie B. Lewis, Esq.
mbl@bhgrlaw.com

s/Loree Trout,   Secretary
Andrew D. Ringel, Esq.
Jennifer L. Veiga, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS PARK COUNTY BOARD OF COUNTY COMMISSIONERS, FRED WEGENER AND MONTE GORE**

H:\Users\RINGELA\park\Carranza-Reyes\APPEAL 07-1380\Response to Motions to Expedite Appeals.doc